No. _____.

First Circuit.

## FISHER v. SHERRILL HARDWOOD LUMBER CO., INC.

(January 28, 1926.   Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Under Section 28, Paragraph 1, of the Workmen's Compensation Act No. 20 of 1914, no compensation is allowed for an injury caused by the injured employee's willful intention to injure another.

2. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Where an employee is killed by his foreman while attacking him, evidently intending to kill or do him bodily harm, the employee's relatives cannot receive compensation under Section 8, Par. 2(g) of the Workmen's Compensation Act No. 20 of 1914 because of the provision in Section 28, Par. 2, of the same act.

Appeal frm the Fourteenth Judicial District Court, Parish of Beauregard, Hon. Jerry Cline, Judge.

Action by Louise Fisher, et al., against the Sherrill Hardwood Lumber Co., Inc., for compensation brought by the father and mother of the deceased employee.

Judgment for defendant.

Plaintiff appealed.

Judgment affirmed.

Fern M. Wood of Leesville, attorney for plaintiff, appellant.

Cline and Planche of Lake Charles, attorneys for defendant, appellee.

ELLIOTT, J.   Plaintiffs Warren and Louise Fisher, father and mother, and Maime Fisher, sister of Buck Fisher, claim of defendant, Sherrill Hardwood Lumber Co., Inc., $4,680.00 as compensation for the death of Buck Fisher.

They allege that Buck Fisher, while in the employment of defendant felling trees by means of a cross-cut saw, was shot and killed by H. H. Graham, defendant's foreman, in a dispute between them; that the killing was an accident within the meaning of the Workmen's Compensation Law.

The sum claimed is 65 per cent of the daily wages of the decedent for a period of 300 weeks.

Defendant admits that Buck Fisher was shot and killed by its foreman, H. H. Graham, but denies that Buck Fisher was in defendant's employment at the time; alleges that he had quit working for defendant, demanded his time, and that while the foreman, Graham, was proceeding to get an order that would have enabled decedant to collect whatever was due him, that decedant followed, caught up with him and willfully and feloniously set upon, assaulted and attacked its foreman with the intention of killing him or inflicting on him grievous bodily harm. That said Graham, being then and there in danger of his life or grievous bodily harm, shot and killed decedant in self-defense.

The liability for compensation claimed by plaintiff is denied by defendant.

The District Judge rejected plaintiff's demand and they have appealed.

One of the witnesses for the plaintiffs, speaking of the difficulty, says that Mr. Collins told Buck Fisher and his partner to go back and cut some trees that they had left, and that Buck Fisher said he would rather quit than go back and cut them; that Mr. Graham then stepped up, and Buck Fisher said to him: "I would be glad to have you give me my time." That Mr. Graham said he would. The witness claims that the above is all that he heard; but he must have either heard or saw something more, because he says: "I raised to look and saw Mr. Graham

with a gun, and Buck Fisher was in between Mr. Graham and me"; "and the gun fired, and that the next time he saw them Graham had the gun pressed to Buck Fisher's back and fire it, and then they turned loose from one another," etc.

The witness further states that Buck Fisher was standing still when Mr. Graham fired; but that Buck Fisher was not where he was going to work when he was shot.

Another witness for plaintiffs claims to have heard nothing, but to have seen the shooting, and says that Buck Fisher was not at the place where he was to work at the time he was shot, but had followed Mr. Graham ten to fifteen steps down the tract, etc. Plaintiffs' witnesses establish the fact that Buck Fisher had refused to do certain work at the request of the foreman over him; quit work and demanded his time; followed the foreman and was clinched with him in a fight at the time he was killed.

According to Mr. Graham and Collins, witnesses for defendant, Buck Fisher followed Mr. Graham, cursing him, threatening to do him great bodily harm, and had in his hand at the time either a saw handle or lightwood knot, and attacked Mr. Graham, evidently intending to kill him or do him great bodily harm; that Mr. Graham shot him in the encounter in self-defense.

Therefore, taking no notice of the evidence to the effect that Buck Fisher had quit his employment with defendant before engaging in the difficulty and looking at the case as if he was still employed, the judgment appealed from is correct, because the law Act 20 of 1914, Sec. 28, provides, "That no compensation shall be allowed for an injury caused by the injured employee's willful intention to injure another."

It is clear that Buck Fisher was endeavoring to injure him, the foreman, in the employ of defendant at the time he was killed. Under the law the plaintiffs can not recover. The judgment appealed from is correct.